**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-4318**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN JOSEPH BOYLE,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers II, Chief District Judge.  (7:20-cr-00013-M-1)

─────────

Submitted:  May 24, 2023                         Decided:  June 26, 2023

─────────

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Joseph Boyle appeals his conviction for possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Boyle argues that the district court violated his procedural due process rights because the court did not order a competency hearing sua sponte even though it had reasonable cause to do so. We affirm.

A district court may order a competency hearing at any time after the commencement of the defendant's prosecution or prior to sentencing. 18 U.S.C. § 4241(a). When neither party moves for a competency hearing, the district court must order a hearing on its own motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id*. "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at [court proceedings], and medical opinions concerning the defendant's competence." *United States v. Bernard*, 708 F.3d 583, 592-93 (4th Cir. 2013) (internal quotation marks omitted). "We generally review a district court's inquiry and determination of reasonable cause to believe a defendant is mentally incompetent for abuse of discretion." *United States v. Ziegler*, 1 F.4th 219, 228 (4th Cir. 2021) (internal quotation marks omitted).*

---

* The Government contends that plain error review applies because Boyle's counsel failed to raise the competency issue before the district court. We need not determine whether our review should be for plain error, however, because the district court committed

2

Boyle's challenge on appeal is a "procedural competency claim," that is, he need not demonstrate that he was incompetent at the time of his guilty plea and sentencing, "but merely that the district court should have ordered a hearing to determine the ultimate fact of competency." *United States v. Banks*, 482 F.3d 733, 742 (4th Cir. 2007) (internal quotation marks omitted). To prevail, Boyle "must establish that the trial court ignored facts raising a bona fide doubt regarding [his] competency." *United States v. Torrez*, 869 F.3d 291, 322 (4th Cir. 2017) (internal quotation marks omitted).

We have carefully reviewed the record, which includes the transcripts of a thorough Fed. R. Crim. P. 11 colloquy and sentencing hearing as well as the district court's findings that Boyle was competent to proceed in pleading guilty and to be sentenced, and we have considered the parties' arguments. Based on this review, we conclude that Boyle fails to demonstrate that the district court abused its discretion in not determining reasonable cause existed to order a competency hearing sua sponte. *See Banks*, 482 F.3d at 742-43 (providing standard); *see also* 18 U.S.C. § 4241(a).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

"no error, much less a plain error" in not ordering a competency hearing sua sponte in Boyle's case. *Ziegler*, 1 F.4th at 229; *see id*. at 228-29 (observing that this court retains some discretion in applying plain-error review).

3